KC F I L E D

DEC 1 7 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC MIRSKY, individually and on behalf of all others similarly situated, | : |
| Plaintiff, | : 07CV7083 |
| | : JUDGE GETTLEMAN |
| v. | : MAGISTRATE JUDGE ASHMAN |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., LYN P. KIRBY, GREGG R. BODNAR and BRUCE E. BARKUS, | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## CLASS ACTION COMPLAINT
## FOR VIOLATIONS OF
## FEDERAL SECURITIES LAWS

Plaintiff, by his attorneys, for his Class Action Complaint, alleges the following:

### NATURE OF THE CASE

1.     This is a securities class action on behalf of public investors who purchased the common stock of Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA" or "the Company") in the initial public offering ("IPO") of ULTA common stock on or about October 25, 2007 or thereafter in the market until December 10, 2007 ("the Class Period") ("the Class").

2.     In the registration statement and prospectus for the IPO (collectively "the Prospectus"), filed October 25, 2007, defendants made material misrepresentations which caused the artificial inflation of ULTA's stock price and misled investors. The material misrepresentations contained in the Prospectus concerning the adverse trends in ULTA's business which were in existence at the time of the IPO and were not disclosed until December 11, 2007 when defendants released ULTA's results for the Third Fiscal Quarter of 2007, the three months ended November 3,

2007 ("the Third Quarter"). The adverse material facts and the adverse business trends were in existence on October 25, 2007 when defendants filed and disseminated the Prospectus in ULTA's SEC Form 424B1 in connection with the IPO, only nine days prior to the close of the Third Quarter.

3.    The common stock of ULTA was issued and sold pursuant to the materially false and misleading Prospectus in violation of Sections 11 and 12 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77k and 77l].

### JURISDICTION AND VENUE

4.    The claims asserted herein arise under and pursuant to Sections, 11, 12(a)(2) and 15 of the Securities Act.

5.    This Court has jurisdiction over the claims asserted in this Complaint pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], and 28 U.S.C. §§ 1331.

6.    Venue is properly laid in this judicial district pursuant § 27 of the Exchange Act, Section 22 of the Securities Act, and 28 U.S.C. §§ 1391(b) and (c). Certain acts and conduct complained of herein, including the dissemination of materially false and misleading information to the investing public, occurred in this district. ULTA and the individual defendants maintain their principal executive office at 1135 Arbor Drive, Romeoville, IL 60446.

7.    In connection with the acts and conduct alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including, but not limited to, the mails, interstate wire and telephone communications.

### CLASS ACTION ALLEGATIONS

8.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the Class.

9.     The members of the Class are so numerous that joinder of all members is impracticable. More than 8.5 million shares of ULTA common stock were sold in the IPO.

10.     Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff and each Class member purchased the Company's common stock during the Class Period and sustained injury as a result.

11.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and securities litigation.

12.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for Class members to seek redress individually for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

13.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class:

(a)     Whether defendants' acts and omissions as alleged in this Complaint violated the federal securities laws; and

(b)     Whether the members of the Class have sustained damages, and if so, what is the proper measure of damages.

## THE PARTIES

### A.    Plaintiff

14.    Plaintiff purchased the common stock of ULTA in the IPO, as set forth in his certification attached hereto and has suffered damages as the result of defendants wrongdoing alleged in this complaint.

### B.    Defendants

15.    ULTA promotes itself as the largest beauty retailer providing one-stop shopping for prestige, mass and salon products and salon services in the United States.  The Company operates 232 retail stores located in 30 states and also distributes its products through its website.  In the IPO, ULTA sold 7,666,667 shares of its common stock.

16.    Lyn P. Kirby ("Kirby"), was, at all relevant times during the Class Period, the Company's President and Chief Executive Officer and a Director of the Company.  Kirby has held those positions since December 1999.  After the IPO, Kirby became holder of 5.2% of ULTA's common stock.

17.    Gregg R. Bodnar ("Bodnar"), was, at all relevant times during the Class Period, the Company's Chief Financial Officer ("CFO").  Bodnar has held that position since October 2006.

18.    Bruce E. Barkus ("Barkus"), was, at all relevant times during the Class Period, the Chief Operating Officer ("COO" of the Company.  Barkus has held that position since December 2005.

## SUBSTANTIVE ALLEGATIONS

### Background

19.    As ULTA's Third Quarter was coming to a close, the following material adverse facts concerning ULTA's business were present:

4

(a)      in sharp contrast to ULTA's prior fiscal quarters, ULTA's selling, general, and administrative expenses ("SG&A") had risen sharply to $55.6 million, a 36% increase due primarily to higher advertising expenses that had been incurred in the Third Quarter; and

(b)      in sharp contrast to ULTA's prior fiscal quarters, ULTA's inventories had risen by 40% or 26.7 % of net sales due, in part, to the opening of 49 new stores during the nine months ending November 3, 2007, the close of the Third Quarter, and a calendar shift that added $15 million of seasonal inventory because the Third Quarter now included a time period closer to Christmas than the year earlier third quarter.

20.      Defendants did not include the adverse material facts alleged in paragraph 19, above, in the Prospectus. To the contrary, defendants made the following false and misleading statements concerning ULTA's current and expected inventories and SG&A, *inter alia*:

(a)      at pages 7, 20, 37, and 48 of the Prospectus, Defendants included historical charts of ULTA's financials for fiscal quarters in 2007, 2006 and 2005 which showed a clear business trend of flat SG&A as a percentage of net sales. These financials were misleading without any disclosure of the material fact that in the Third Quarter, which would close nine calendar days after the date of the Prospectus, ULTA's SG&A was contrary to that historical trend and was at a higher percentage of Net Sales than ULTA had experienced in 2005, 2006 and the first two fiscal quarters of 2007;

(b)      at pages 33 and 34 of the Prospectus, Defendants stated that SG&A would increase in the Third Quarter by approximately $1.2 million due to stock options that would vest immediately upon completion of the IPO. This statement was false and misleading because defendants omitted to state that ULTA's SG&A would rise above that amount because of significant advertising expenses ULTA had incurred in the Third Quarter by the date of the Prospectus;

5

(c)     at pages 34, 36, 40, 41, F-5 and F-16 of the Prospectus Defendants discussed historical SG&A expenses but failed to state that in the Third Quarter, ULTA had experienced a sharp increase in SG&A expenses which was contrary to the trend of those historical expenses by reason of heavy advertising expenses incurred in the Third Quarter;

(d)     at page 33 of the Prospectus, Defendants falsely and misleadingly stated that "we plan to continue to improve our operating results by...decreasing our selling, general and administrative expenses, as a percentage of sales." This statement was false and misleading because defendant failed to disclose that ULTA's SG&A expenses had increased as a percentage of net sales in the Third Quarter;

(e)     at page 20 of the Prospectus, Defendants stated that the "effectiveness of our inventory management" was a risk that could impact comparable store sales and quarterly financial performance. This statement was misleading because defendants false to state that tin the Third Quarter they were ineffective in managing inventory, causing it to rise 40% to theretofore unprecedented levels;

(f)     at page 63 of the Prospectus, Defendants, under the heading "Merchandising," stated that they had a "disicplined approach to buying and dynamic inventory planning and allocation..." This statement was false and misleading because defendants failed to state that ULTA's Third Quarter inventories had risen 40%, in stark contrast to ULTA's historical experience;

(g)     at page F-3 of the Prospectus, Defendants included historical balance sheets for January 28, 2006, February 3, 2007 and August 4, 2007 which showed a clear business trend of merchandise inventories rising by 15% to 18% per fiscal quarter. These financials were misleading without any disclosure of the material fact that in the Third Quarter, which would close nine

6

calendar days after the date of the Prospectus, ULTA's merchandise inventories had risen by 40%; and

(h)     at page 58 of the Prospectus, Defendants included a discussion of "Key trends" in ULTA's business but failed to state that, contrary to historical trends, ULTA had experienced in the Third Quarter an increase in SG&A expenses and an increase in inventories that were contrary to historical trends, making the reported discussion false and misleading;

21.     On October 24, 2007, ULTA announced the pricing for the IPO. As soon as the common stock began trading on October 25, 2007, the prices, based on the false and misleading Prospectus, surged 64.2% to close at $29.55 on October 25, 2007.

22.     Without any prior corrective disclosures and without any prior warning to the market of the adverse material facts alleged in paragraph 19, above, ULTA issued its Third Quarter earnings press release, under the contact name of Bodnar. The Third Quarter closed on November 3, 2007, nine calendar days after issuance of the false and misleading Prospectus. Defendants shocked the market by revealing the adverse material facts alleged in paragraph 19, above, material facts which were in existence on October 25, 2207, the date of the filing and dissemination of the Prospectus. The market reacted to the totally unexpected adverse material facts and the price of ULTA common stock fell, first closing down 20.4% on December 11, 2007 and thereafter falling below the offering price of the common stock in the IPO.

23.     The market for ULTA's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and misleading statements and failures to disclose, as alleged herein, ULTA's common stock traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired ULTA common

stock relying upon the integrity of the market prices of ULTA's common stock and market information relating to ULTA, and have been damaged thereby.

24.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of ULTA common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

25.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class. As described herein, during the Class Period, defendants made or caused to be made a series of materially false or misleading statements about ULTA in the Prospectus.

## COUNT I

### (Against All Defendants For Violations
### Of Section 11 Of The Securities Act)

26.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25.

27.    This Count is brought by Plaintiff pursuant to Section 11 of the Securities Act on behalf of plaintiff and the other members of the Class, against all defendants and does not sound in fraud.

28.     The Prospectus for the IPO was materially false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed to adequately disclose material facts as described above.

29.     The Company is the registrant for its common stock that is the subject of this action. The defendants named herein were responsible for the contents and dissemination of the Prospectus and were named in the Prospectus as the principal management of the Company.

30.     As the issuer of the shares, the Company is strictly liable to plaintiff and the Class for the false and misleading prospectus..

31.     None of the individual defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Prospectus were true and without omissions of any material facts and were not misleading.  The individual defendants stood to gain financially by the completion of the IPO in terms of stock ownership and the vesting of stock options in a now-publicly traded company.

32.     Defendants issued, caused to be issued and participated in the issuance of the materially false and misleading Prospectus which misrepresented or failed to disclose, inter alia, the material facts set forth above in paragraphs 19 and 20.

33.     By reason of the conduct herein alleged, each defendant violated Section 11 of the Securities Act.

34.     Plaintiff acquired the Company's common stock issued pursuant to, or traceable to the Prospectus and the IPO.

35.     Plaintiff and the Class have sustained damages.  The value of the Company's common stock has declined substantially subsequent to and due to defendants' violations.

9

36.     At the times they purchased the Company's common stock, plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to the end of the Class Period.

37.     Less than one year elapsed from the time that plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that plaintiff filed this Complaint. Less than three years elapsed from the time that the securities upon which this Count is brought were <u>bona fide</u> offered to the public to the time plaintiff filed this Complaint.

## COUNT II

### (Against Defendants For
### Violations Of Section 12(a)(2) Of The Securities Act)

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25.

39.     By means of the Prospectus, and by using means and instruments of transportation and communication in interstate commerce and of the mails, defendants, through public offerings, offered and sold the common stock of ULTA. As alleged hereinabove, the Prospectus included untrue statements of material facts and omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

40.     Defendants are sellers within the meaning of the Securities Act because they:  (a) transferred title to plaintiff and other purchasers of the common stock of ULTA; and (b) solicited the purchase of ULTA's common stock by plaintiff and other members of the Class.

41.     Plaintiff and the Class purchased ULTA's common stock based on the Prospectus.

42.     Plaintiff did not know of the omissions and misstatements described above when he purchased the common stock of ULTA.

10

43.     Plaintiff brought this action within one year after the discovery of the untrue statements and omissions, and within three years after the IPO.

44.     By virtue of the foregoing, defendants have violated Section 12(a)(2) of the Securities Act.

## COUNT III

### (Against The Individual Defendants For
### Violations of Section 15 of the Securities Act)

45.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 above.

46.     This Count is brought by Plaintiff pursuant to Section 15 of the Securities Act against the individual defendants.

47.     Each individual defendant was a control person of the Company by virtue of her/his position as a senior officer and member of the principal management of the Company.

48.     Each individual defendant was a culpable participant in the violations of the Securities Act alleged in Counts I and II above based on their having participated in the process which allowed the IPO to be successfully completed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment:

1.     Determining that the instant action is a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

2.     Awarding compensatory damages and/or rescission as appropriate against defendants, in favor of plaintiff and all members of the Class for damages sustained as a result of defendants' wrongdoing;

11

3.    Awarding plaintiff and members of the Class the costs and disbursements of this suit, including reasonable attorneys', accountants' and experts' fees; and

4.    Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:    December 17, 2007         MILLER LAW LLC

Marvin A. Miller
Lori A. Fanning
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
(312) 332-3400

LAW OFFICES BERNARD M. GROSS, P.C.
Deborah R. Gross
Robert P. Frutkin
Suite 450, John Wanamaker Building
Philadelphia, PA 19107
(215) 561-3600

LAW OFFICES KENNETH ELAN
Kenneth Elan
217 Broadway
Suite 606
New York , NY 10007
(212) 619-0261

Attorneys for Plaintiff

Dec 15 07 08:56a    Marc Mirsky/Chris Pappas    973-243-9579    p.1

LAW OFFICES BERNARD M. GROSS, P.C.

## AFFIDAVIT OF

1.      I, Marc Mirsky,   have reviewed the Complaint and have authorized the filing of same;

2.      I did not purchase the common stock of Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA") at the direction of my counsel or in order to participate in any private action arising under this title;

3.      I am willing to serve as a class representative and provide testimony at deposition and trial if necessary;

4.      I purchased _100_ shares of ULTA common stock in its intial public offering.

5.      During the previous three years, I have not been a lead plaintiff in any securities fraud class action.

6.      I will not accept any payment for serving as a class representative beyond my *pro rata* share of any recovery, except as ordered or approved by the Court with respect to an award for reasonable costs and expenses (including lost wages).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _15_ day of  December, 2007, at  _WEST Orong___(city/state) _New Jersey_

MARC MIRSKY