**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARC MIRSKY, individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 07 C 7083** |
| | : | |
| **ULTA SALON, COSMETICS &** | : | **Judge Gettleman** |
| **FRAGRANCE, INC., LYN P. KIRBY,** | : | |
| **GREGG R. BODNAR and** | : | |
| **BRUCE E. BARKUS,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **WESTLEY BASSETT, individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 08 C 277** |
| | : | |
| **ULTA SALON, COSMETICS &** | : | **Judge Gettleman** |
| **FRAGRANCE, INC., LYNELLE P. KIRBY,** | : | |
| **GREGG R. BODNAR and** | : | |
| **BRUCE E. BARKUS,** | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **EUGENE B. CHASE, III, individually and on** | : | |
| **behalf of all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **NO. 08 C 428** |
| | : | |
| **ULTA SALON, COSMETICS &** | : | **Judge Gettleman** |
| **FRAGRANCE, INC., LYNELLE P. KIRBY,** | : | |
| **GREGG R. BODNAR and** | : | |
| **BRUCE E. BARKUS,** | : | |
| **Defendants.** | : | |

**MOTION OF MARC MIRSKY, NEDRA FISCHER**
**AND STEPHANIE CARROLL FOR**
**CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS,**
**AND FOR APPROVAL OF LEAD PLAINTIFFS'**
**SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Marc Mirsky, Nedra Fischer and Stephanie Carroll hereby move this Court pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

1.　　　to be appointed Lead Plaintiffs;

2.　　　to approve Deborah R. Gross and Robert P. Frutkin of the Law Offices Bernard M. Gross, P.C., as Lead Counsel for the Class and Marvin A. Miller of Miller Law LLC as Liaison Counsel for the Class; and

3.　　　to consolidate the above related cases.

Attached hereto as Exhibit A is a copy of Affidavit of Marc Mirsky and a copy of the certifications of Nedra Fischer and Stephanie Carroll.

Attached hereto as Exhibit B is a copy of the Notice of Filing of the complaint and a copy of the corrected Notice of Filing of the complaint.

Attached hereto as Exhibit C is a copy of the firm resume of Law Offices Bernard M. Gross, P.C.

Attached hereto as Exhibit D is a copy of the firm resume of Miller Law LLC.

This Motion is further supported by the accompanying Memorandum of Law and the exhibits annexed thereto, all of the prior pleadings and proceedings had herein, and such other

written and/or oral argument, as may be presented to the Court.

Dated: February 18, 2008

Respectfully submitted,
Marc Mirsky, Nedra Fischer and Stephanie Carroll


By: s/Marvin A. Miller
MARVIN A. MILLER
LORI A. FANNING
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Tele: 312-332-3400
Fax: 312-676-2676
Email: mmiller@millerlawllc.com

Proposed Liaison Counsel


**DEBORAH R. GROSS**
**ROBERT P. FRUTKIN**
**LAW OFFICES BERNARD M. GROSS, P.C.**
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Tele:  (215) 561-3600
Fax: 215-561-3000
Email: debbie@bernardmgross.com

Proposed Lead Counsel

# EXHIBIT "A"

LAW OFFICES BERNARD M. GROSS, P.C.

### AFFIDAVIT OF

1.    I, Marc Mirsky,   have reviewed the Complaint and have authorized the filing of same;

2.    I did not purchase the common stock of Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA") at the direction of my counsel or in order to participate in any private action arising under this title;

3.    I am willing to serve as a class representative and provide testimony at deposition and trial if necessary;

4.    I purchased _100_  shares of ULTA common stock in its intial public offering.

5.    During the previous three years, I have not been a lead plaintiff in any securities fraud class action.

6.    I will not accept any payment for serving as a class representative beyond my *pro rata* share of any recovery, except as ordered or approved by the Court with respect to an award for reasonable costs and expenses (including lost wages).

I declare under penalty of perjury that the foregoing is true and correct. Executed this *15* day of  December, 2007, at *WEST Orange* (city/state) *New Jersey*

**MARC MIRSKY**

LAW OFFICES BERNARD M. GROSS, P.C.

## CERTIFICATION OF NEDRA FISCHER

1.    I, NEDRA FISCHER, have reviewed the Complaint and have authorized the filing of same;

2.    I did not purchase the common stock of Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA") at the direction of my counsel or in order to participate in any private action arising under this title;

3.    I am willing to serve as a class representative and provide testimony at deposition and trial if necessary;

4.    I purchased _1000_ shares of ULTA common stock in its Initial Public Offering. and/or my transaction(s) in ULTA during the time period from October 25, 2007 through December 10, 2007, inclusive are set forth below:

| Date | Purchase(s) or Sales(s) | Amount | Price |
|------|-------------------------|--------|-------|
| 10/26/07 | Purchase | 1,000 | $32.48 per share |

5.    During the previous three years, I have/have not been a lead plaintiff in any securities fraud class action.

6.    I will not accept any payment for serving as a class representative beyond my *pro rata* share of any recovery, except as ordered or approved by the Court with respect to an award for reasonable costs and expenses (including lost wages).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of January        , 2008, at Wynnewood, PA.

_Nedra Fischer_
NEDRA FISCHER

LAW OFFICES BERNARD M. GROSS, P.C.

## CERTIFICATION OF STEPHANIE CARROLL

1.     I, STEPHANIE CARROLL,   have reviewed the Complaint and have authorized the filing of same;

2.     I did not purchase the common stock of Ulta Salon, Cosmetics & Fragrance, Inc. ("ULTA") at the direction of my counsel or in order to participate in any private action arising under this title;

3.     I am willing to serve as a class representative and provide testimony at deposition and trial if necessary;

4.     I purchased 350 shares of ULTA common stock in its Initial Public Offering and/or my transaction(s) in ULTA during the time period from October 25, 2007 through December 10, 2007,  inclusive are set forth below:

| Date | Purchase(s) or Sales(s) | Amount | Price |
|------|-------------------------|--------|-------|
| 10/25/07 | 350 shares purchase | 350 | $29.65 per share |

5.     During the previous three years, I have/have not been a lead plaintiff in any securities fraud class action.

6.     I will not accept any payment for serving as a class representative beyond my *pro rata* share of any recovery, except as ordered or approved by the Court with respect to an award for reasonable costs and expenses (including lost wages).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of January , 2008, at Santa Monica, CA.

*Stephanie Carroll*

STEPHANIE CARROLL

# EXHIBIT "B"

# Law Offices Bernard M. Gross, P.C. Files Class Action Suit Against Ulta Salon, Cosmetics & Fragrances, Inc. -- ULTA

PHILADELPHIA, Dec. 18, 2007 (PRIME NEWSWIRE) -- Law Offices Bernard M. Gross, P.C. has commenced a class action lawsuit in the United States District Court, Northern District of Illinois, Civil Action No. 07 C 7083, on behalf of purchasers of the common stock of Ulta Salon, Cosmetics & Fragrances, Inc. ("ULTA") (Nasdaq:ULTA) between October 25, 2007 and December 10, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Act of 1933. The action is pending before the Honorable Judge Gettleman.

If you wish to serve as lead plaintiff, you must move the Court no later than January 22, 2008. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Deborah R. Gross or Susan R. Gross at 866-561-3600 or 215-561-3600 or via email at debbie@bernardmgross.com or susang@bernardmgross.com. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges ULTA and three of its officers with violations of the Federal Securities Laws. ULTA operates retail stores that sell cosmetics and related items. ULTA went public on October 25, 2007 ("IPO"), just nine days prior to the close of its fiscal third quarter on November 3, 2007 ("Third Quarter"). As alleged in the complaint, defendants issued materially false and misleading statements in connection with the IPO concerning ULTA's financial condition and the levels of its selling, general and administrative expenses inventories. On December 11, 2007, ULTA issued a press release disclosing the results of its Third Quarter, admitting that its inventories and SG&A expenses had risen dramatically in the Third Quarter. As a result of this startling disclosure, the price of ULTA common stock, which had been inflated by defendants' misrepresentations, declined in value.

Plaintiff seeks to recover damages on behalf of all those who purchased the common stock of ULTA (Nasdaq:ULTA) between October 25, 2007 and December 10, 2007. Plaintiff is represented by Law Offices Bernard M. Gross P.C. The firm has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

If you wish to discuss this action or have any questions concerning this Notice or rights or interests with respect to these matters,

```
Please Contact:  Law Offices Bernard M. Gross, P.C.
                 Susan R. Gross, Esq.
                 Deborah R. Gross, Esq.
                 Telephone: 866-561-3600 (toll free) or 215-561-3600
                 E-mail: susang@bernardmgross.com or
                         debbie@bernardmgross.com.
                 Website: http://www.bernardmgross.com

CONTACT:  Law Offices Bernard M. Gross, P.C.
          866-561-3600
```

## Correction - Law Offices Bernard M. Gross, P.C. Announces Lead Plaintiff Papers Due in Ulta Securities Class Action On Feb. 18, 2008

PHILADELPHIA, Dec. 19, 2007 (PRIME NEWSWIRE) -- Yesterday Law Offices Bernard M. Gross, P.C. announced that it has commenced a class action lawsuit in the United States District Court, Northern District of Illinois, Civil Action No. 07 C 7083, on behalf of purchasers of the common stock of Ulta Salon, Cosmetics & Fragrances, Inc. ("ULTA") (Nasdaq:ULTA) between October 25, 2007 and December 10, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Act of 1933. If you wish to serve as lead plaintiff, you must move the Court no later than February 18, 2008, not January 22, 2008, as stated in the initial press release. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

Plaintiff seeks to recover damages on behalf of all those who purchased the common stock of ULTA (Nasdaq:ULTA) between October 25, 2007 and December 10, 2007. Plaintiff is represented by Law Offices Bernard M. Gross P.C. The firm has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud. If you wish to discuss this action or have any questions concerning this Notice or rights or interests with respect to these matters,

```
Please Contact:  Law Offices Bernard M. Gross, P.C.
                 Susan R. Gross, Esq.
                 Deborah R. Gross, Esq.
                 Telephone: 866-561-3600 (toll free) or 215-561-3600
                 E-mail: susang@bernardmgross.com or
                         debbie@bernardmgross.com.
                 Website: http://www.bernardmgross.com

CONTACT:  Law Offices Bernard M. Gross, P.C.
          866-561-3600
```

# EXHIBIT "C"

## BIOGRAPHICAL BACKGROUND OF LAW OFFICES BERNARD M. GROSS, P.C.

The Law Offices Bernard M. Gross, P.C. and its predecessors, including Gross & Metzger, P.C. has been primarily involved in the field of litigation on behalf of plaintiffs since its inception thirty (30) years ago.

A background of the members of the Law Offices Bernard M. Gross, P.C., who were actively engaged in the prosecution of this litigation, are as follows:

**Bernard M. Gross** is a graduate of Central High School of Philadelphia (B.A. 1952), the University of Pennsylvania Wharton School (B.S. 1956), and the University of Pennsylvania School of Law (L.L.B. 1959). Mr. Gross has been an active member of The Association of Trial Lawyers of America since 1960. In 1990 he received the "Stalwart" award from The Association of Trial Lawyers of America. Bernard M. Gross was a member of the House of Delegates of the Pennsylvania Bar Association (1988-1993). He is a former member of the Board of Governors of the Pennsylvania Trial Lawyers Association and currently a member of the Legislative Policy Committee of the Pennsylvania Trial Lawyers Association. Mr. Gross was a member of the Board of Governors of the Philadelphia Bar Association, a past President of the Philadelphia Trial Lawyers Association, past Chairman of the Philadelphia Bar Association Committee on Judicial Compensation and former Chairman of its Civil Legislative Committee. He is formerly Chancellor of the Tau Epsilon Rho Law Fraternity Philadelphia Graduate Chapter. Mr. Gross is a former member of the Pennsylvania General Assembly (1967-70). He is a former Assistant City Solicitor in charge of bonds and contracts for the City of Philadelphia (1961-64). He has lectured on behalf of the Philadelphia Trial Lawyers Association and the Pennsylvania Trial Lawyers Association. He has participated in many complex federal and class actions, including antitrust, consumer fraud and corporate securities litigation.

**Deborah R. Gross** is a graduate of the University of Pennsylvania Wharton School (B.S. 1982) and Boston University School of Law (J.D. 1985). She is admitted to practice before the Supreme Court of Pennsylvania (11/20/85), the Supreme Court of Massachusetts(12/17/85), the United States District Court for the Eastern District of Pennsylvania(11/29/85), the United States District Court for the District of Massachusetts(1/28/86), the United States Court of Appeals for the Third Circuit (11/18/87), the United States Supreme Court (6/18/90), the United States Court of Appeals for the Tenth Circuit (7/25/97), and United States District Court for the District of Colorado (10/15/01). Prior to joining the firm in June, 1987, Ms. Gross was an associate at Berman, DeValerio & Pease, a Boston, Massachusetts firm, specializing in securities fraud class action litigation. She was or is presently lead or co-lead counsel in *Kaufman v. Motorola, Inc., et. al.*, Civil Action No. 95-C-1069 (N.D. Ill.); *In Re Aetna, Inc. Securities Litigation*, MDL Docket No. 1219 (E.D. Pa.); *Axler v. Wagner*, C.A. No. 94-3097 (E.D. Pa.); *Stein v. Residential Resources Securities Litigation*, 89-66 (D. Ariz.); *In re American Travellers Corp. Securities Litigation*, CV 92-1304 (E.D. Pa.); *McDaid v. Piper Jaffray Cos.*, CV 94-454 (D. Del.); *In re Midlantic Corporation Shareholder Litigation*, Master File No. 90-1275 (D.N.J.); *In re The Dime Savings Bank of New York, FSB, Securities Litigation*, CV No. 89-2189 (JM) (E.D.N.Y.); *Smith v. Nicolet Instrument Corp., et. al.*, CV 92-C-388-C (W.D. Wisc.); *Decker, et al. v. Glenfed, et. al.*, CV-91-0344 (C.D. Cal.); and *In Re Loewen Group Securities Litigation*, MDL Docket No. 1100 (E.D.Pa.); *Tinkler v. Hasler, et. al.*, No. 776206-4 (Sup. Court of Calif.); *Stong v. Saylor, et al.*, No. 18138NC (Chancery State of Delaware, New Castle County); and *In re EquiMed Securities Litigation*, Master File No. 98-CV-5374 (E.D.PA). Ms. Gross participated as a panelist at the ABA Litigation Section 15th Annual Fall Meeting on Trends in the Law of the Award of Attorney's Fees in Class Actions. Since

1998 she has served as a panelist on the yearly federal securities law forum sponsored by the Philadelphia Bar Education Center and the Pennsylvania Bar Institute. Ms. Gross was Chair of the Federal Courts Committee of the Philadelphia Bar Association. She was responsible for organizing the June 1998 Bench Bar Conference of the Philadelphia Bar Association. Ms. Gross is a member of the Third Circuit Judicial Council Bench Bar Relations Committee. In 2002, Ms. Gross was a guest panelist at the University of Chicago Graduate School of Business, 50th Annual Management Conference. She spoke on the topic of "Accounting in Crisis - Who Watches the Watchdogs?" In 2003, Ms. Gross also spoke at The Directors' Conference, a three day intensive program for directors and senior executives to explore the fundamentals of corporate governance and board service offered by the University of Chicago Graduate School of Business, Stanford Law School and the Wharton School of the University of Pennsylvania. She discussed the legal issues surrounding audit committee qualifications, responsibility and content. Ms. Gross was a panelist on the 2004 Federal Bench Bar Conference for the Philadelphia Bar Association speaking on changes to the Rule 23 of Fed.R.Civ.P.

**Robert P. Frutkin** is admitted to practice before the Supreme Court of Pennsylvania, the United States Court of Appeals for the Third, Fourth, Seventh, Eighth, Ninth and Eleventh Circuits and the United States District Court for the Eastern District of Pennsylvania. Prior to his becoming Of Counsel to the firm of Law Offices Bernard M. Gross, P.C., Mr. Frutkin formed his own firm of Savett Frutkin Podell & Ryan. Prior to the formation of his firm on October 1, 1991, Mr. Frutkin had been a shareholder of Berger & Montague, P.C., in Philadelphia. Mr. Frutkin is a 1971 graduate of the University of Rochester and a 1975 *cum laude* graduate of the School of Law of Temple University, where he was a member of the staff of the Temple Law Quarterly. Mr. Frutkin has

actively participated in and conducted the prosecution of several major complex securities fraud suits, including *Cohen v. Uniroyal Inc.*, No. 76-2989 (E.D. Pa.); *In re First Pennsylvania Securities Litigation*, No. 81-456 (D. Del.); *Eitel v. Gulf Oil Corporation*, No. 78-343 (D. Del.); *In re Oak Industries Securities Litigation*, No. 83-0537-G(M) (S.D. Cal.); *In re First Fidelity Bancorporation Securities Litigation*, Master File No. 88-5297 (D.N.J.); *In re Sunrise Securities Litigation*, Master File No. 85-2720 (E.D. Pa.); *Jennie Farber v. Public Service Company of New Mexico, et al.*, Civ-89-0456 JB (D.N.M.); *Warren Weiner, et al. v. David N. Jones, et al.*, No. EP-91-CA-185-H (W.D. Texas, El Paso Div.); *In re Beverly Enterprises Securities Litigation*, No. CV-88-1189 RSWL (TX) (C.D. CA); *In re Gillette Securities Litigation*, No. 88-1858-K (D. Mass.); *In re Endo-Lase Securities Litigation*, No. 86 CIV 100 (ERK) (E.D.N.Y.); *William Wise v. Frank P. Popoff, et al.*, No. 90-10186 BC (E.D. Mich., Northern Div.); *In re Salton/Maxim Securities Litigation*, 91 C 7693 (Consolidated Cases) (N.D. Ill.); *In re: U.S. Bioscience Securities Litigation*, 92-CV-678 (E.D. Pa.); *In re Royce Laboratories, Inc. Securities Litigation*, No. 92-0923-Civ-MOORE (S.D. Fla.); *In re Synergen Inc. Securities Litigation*, No. 93-402 (D. Co.); *Edward B. McDaid v. Piper Jaffray Companies Inc.*, Consolidated Civil Action No. 94-454-RRM (D.Del.); *In re Aetna Inc. Securities Litigation*, MDL No. 1219 (E.D. Pa.)

In *In re U.S. Bioscience Securities Litigation*, 92-CV-678 (E.D. Pa.) (April 14, 1994 Hearing Transcript at pp. 38-39), the Court commented favorably on Mr. Frutkin's performance as co-lead counsel:

> Since I've been down here, the quality of lawyering on both sides, but I'm going to stress now on the plaintiffs' side, simply has not been exceeded in any case and we've had some marvelous counsel appear before us and make superb arguments, but they really don't come any better than...Mr. Frutkin, and the argument we had on the

Motion to Dismiss, for example, Motions to Dismiss, both sides were fabulous, but plaintiffs' counsel were as good as they come.

Mr. Frutkin successfully argued before the 7th Circuit Court of Appeals the landmark decision in *In re Abbott Laboratories Deriv. Litig.*, 325 F.3d 795 (7th Cir. 2003).

**Susan R. Gross** is a graduate of Hofstra University in Hempstead, New York (B.A. 1985) and Suffolk University School of Law (J.D. 1989). She is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of Florida, the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit. She is a member of the Philadelphia Bar Association and Pennsylvania Trial Lawyers Association.

**Tina Moukoulis** graduated from Ursinus College (B.A. 1993) and Pennsylvania State University at the Dickinson School of Law (J.D. 1998). During law school, Ms. Moukoulis was a member of the Dickinson Law Review and served as a Student Attorney representing indigent clients in domestic matters through the Dickinson Family Law Clinic. Ms. Moukoulis also served as a judicial intern in the Superior Court of Pennsylvania (1996). Since joining the firm in 1998, she has concentrated her practice in antitrust and securities class action litigation. Ms. Moukoulis was or is presently litigating: *Electric Carbon Products Antitrust Litigation*, MDL No. 1514 (D.N.J.); *In Re Automotive Refinishing Paint Antitrust Litigation*, MDL No. 1426 (E.D. Pa.); *In re Aetna Inc. Securities Litigation*, MDL No. 1219 (E.D. Pa.); *Kaufman v. Motorola, Inc.*, No. 95 CV 1069 (N.D. Ill.); *In Re Verisign Corp. Securities Litigation*, No. 02-CV-2270 (N.D. Cal.); *In re Adelphia Secs. Litig.*, Master File No. 02-1781 (E.D. Pa.); *In re Corel Corp. Secs. Litig.*, No. 00-CV-1257 (E.D. Pa.); *In re Cell Pathways, Inc. Secs. Litig.*, (Master File No. 99-752) (E.D. Pa.).

Ms. Moukoulis is admitted in Pennsylvania, the Eastern District of Pennsylvania, New Jersey, the District of New Jersey, and the Third Circuit Court of Appeals.

Members of the Law Offices Bernard M. Gross, P.C. have been or are counsel for class action plaintiffs in a number of complex actions, a representative sample of which includes:

(a)     *In re Gas Meters Antitrust Litigation,*
         M.D.L. Docket No. 360 (E.D. Pa.);

(b)     *In re Art Materials Antitrust Litigation,*
         M.D.L. Docket No. 436 (N.D. Ohio);

(c)     *In re Corn Derivatives Antitrust Litigation,*
         M.D.L. Docket No. 414 (D.N.J.);

(d)     *In re Electric Weld Steel Tubing Antitrust Litigation,*
         No. 79-4628 (E.D. Pa.);

(e)     *Cohen, et al. v. MacAndrews & Forbes, Inc., et al.,*
         C.A. No. 7309 (Del. Ct. of Chancery);

(f)     *Rosen v. Orfa Corp. of America,*
         Master File No. 86-1121 (D.N.J.);

(g)     *In re U.S. Healthcare Securities Litigation,*
         Master File No. 88-0559 (E.D. Pa.);

(h)     *Holtz v. National Business Systems, Inc.,*
         Civil Action No. 88-1755 (D.N.J.);

(I)     *Mark J. Maiocco v. Olin Ski Co., Inc.,*
         No. 79-4045 (E.D. Pa. 1980);

(j)     *Priest v. Zayre Corporation,*
         Civil Action No. 86-2411-Z (D. Ma.);

(k)     *In re Texas International Securities Litigation,*
         M.D.L. No. 604 (W.D. Okla.);

(l)     *In re Home Unity Shareholder Litigation,*
         Civil Action No. 87-5609 (E.D. Pa.);

(m) *In re Lilco Securities Litigation*,
Civil Action No. 84-0588 (E.D.N.Y.);

(n) *In re First Jersey Securities Litigation*,
M.D.L. Docket No. 861 (E.D. Pa.);

(o) *In re Glassine and Greaseproof Paper Antitrust
Litigation*, M.D.L. Docket No. 475 (E.D. Pa.);

(p) *In re: First Fidelity Bancorporation Securities
Litigation*, Master File No. 88-5297 (D.N.J.);

(q) *Stein v. Residential Resources*,
Civil Action No. 89-0066 (D. Ariz.);

(r) *Nemo v. Astrotech International Corp.*,
Civil Action No. 85-982 (W.D. Pa.);

(s) *In re Water Heater Antitrust Litigation*,
M.D.L. Docket No. 379 (E.D. Pa.);

(t) *In re Caesars World Shareholder Litigation*,
M.D.L. Docket No. 496 (D.N.J.);

(u) *In re Gulf Oil/Cities Service Tender Offer Litigation*,
Master File No. 82, C.A. No. 5253 (R.O.)(S.D.N.Y.);

(v) *In re Nucorp Energy Securities Litigation*,
M.D.L. Docket No. 574 (S.D. Cal.);

(w) *In re American Integrity Securities Litigation*,
Master File No. 86-7133 (E.D. Pa.);

(x) *Meshel, et al. v. Nutri/System, Inc., et al.*,
C.A. No. 83-1440 (E.D. Pa.);

(y) *In re Oak Industries Securities Litigation*,
C.A. No. 83-0573G (S.D. Cal.);

(z) *Spilove v. Anderson*,
CV-81-833-R (C.D. Cal.)
(*Mattel Securities Litigation*);

7

(aa)   *In re AIA Securities Litigation*,
       Master File No. 84-2276 (E.D. Pa.);

(bb)   *In re MDC Holdings Securities Litigation*,
       Master File No. 89-0090 (S.D. Cal.);

(cc)   *In re Eagle Computer Securities Litigation*,
       Master File No. 84-20382 (N.F. Cal.);

(dd)   *In re Atlantic Financial Securities Litigation*,
       Master File No. 89-0645 (E.D. Pa.);

(ee)   *In re Craftmatic Securities Litigation*,
       Master File No. 88-4530 (E.D. Pa.);

(ff)   *Barry Greene, et al. v. August DeAngelo, et al.*,
       (C.D. Cal.) 90-0100;

(gg)   *In re Goodyear Securities Litigation*,
       Master File No. 88-8633 (E.D. Pa.);

(hh)   *In re Genentech Securities Litigation*,
       Master File No. 88-4038 (N.D. Cal.);

(ii)   *In re Midlantic Corporation Shareholder Litigation*,
       Master File No. 90-1275 (D.N.J.);

(jj)   *In re SmithKline Securities Litigation*,
       Master File No. 88-7474 (E.D. Pa.);

(kk)   *In re Flight International Securities Litigation*,
       Master File No. 89-CV-2211-JTC (N.D. Ga.)

Judges through the country have recognized contributions of the law firm in class action

cases. Recently, in approving an $82.5 million dollar settlement of a securities fraud lawsuit against

Aetna in which Bernard M. Gross, P.C. was co-lead counsel, Judge Padova stated: "Furthermore,

class counsel is of high caliber with extensive experience in similar class action litigation . . .

consistently submitted documents superb quality, and were very diligent in preparing filings in a

8

timely manner under tight deadlines. . . This Court has made special note of the efficiency and

professionalism of counsel in completing discovery and resolving discovery disputes with little court

intervention." *In re Aetna Inc. Securities Litigation*, MDL No. 1219 (E.D.Pa. January 5, 2001).

Judge Weiner, a former member of the Judicial Panel on Multidistrict Litigation, in reviewing Gross

& Metzger's fee application in *In Re Gas Meters Antitrust Litigation*, 500 F Supp. 956 (M.D.L. No.

360) (E.D. Pa. 1980), commented on Gross & Metzger's representation:

> The settlements obtained by the applicants [Gross & Sklar represented one of the
> three class representatives] are excellent as to amount.  The standing and ability of
> the applicants certainly contribute in producing the fund obtained and the efficiency
> in which it was obtained.  This complex litigation could have burdened the trial and
> appellate courts for a great length of time had it not been settled.

Judge Bechtle in the *Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D.

Pa.), Slip Opinion dated August 26, 1980, stated with respect to petitioner:

> The Court finds that the hourly rates submitted are within the range of reasonable
> rates received by counsel of high caliber at the time of this litigation.  Each of the
> firms and the individual lawyers in this case have extensive experience in large,
> complex antitrust and securities litigation.

> Furthermore, the Court notes that the quality of the legal services rendered was of the
> highest caliber.

Chief Judge Weinstein in *In Re Wiring Device Antitrust Litigation*, M.D.L. No. 331

(E.D.N.Y.) hearing dated September 8, 1980, commented on plaintiffs' counsel in *Wiring Devices*,

of which Gross & Metzger, P.C. was one of plaintiffs' counsel:

> Counsel for the plaintiffs I think did an excellent job ....        They are outstanding and
> skillful.

> The litigation was and is extremely complex.  They assumed a great deal of
> responsibility.  They recovered a very large amount given the possibility of no
> recovery here which were in my opinion substantial.

\*          \*          \*

The papers and the other actions of the attorneys have been observed by the court and the court believes they have resulted in savings of enormous time ... and have permitted the largest sum possible as a result of their skill in reducing outlays of legal time in the actual claimants.

In the *Philadelphia Contributionship* case, 73 Pa. D.&C. 2d 654 (Phila. 1975), Judge Kalish stated:

Moreover, Mr. Gross has proven himself to be a competent attorney.   His presentation has reflected diligent and careful attention to the interests of the class his client purports to represent.

In *PNB Mortgage and Realty Investors by James M. Richardson v. Phila. National Bank, et al.*,Civil Action No. 82-5023 (E.D. Pa.), Judge Raymond Broderick approved the settlement of a shareholders' derivative action, in which Gross & Metzger, P.C. represented the plaintiff, where the risks in establishing liability were viewed by the Court as "substantial," and the benefit conferred by the settlement was a definite improvement in the advisory agreement and the saving of advisory fees to be paid by the real estate investment trust on behalf of whose shareholders that action had been commenced.  In addition to finding that the settlement was fair, adequate and reasonable, the Court, in awarding attorneys' fees, found that counsel "performed quite capably in this litigation."

In May, 1984, Judge Charles Weiner, in *Meshel, et al. v. Nutri/System, Inc., et al.*, 102 F.R.D. 135 (E.D. Pa. 1984), awarded attorneys' fees to plaintiffs' counsel including Gross & Metzger, P.C. In granting counsel's fee application, Judge Weiner approved the rates charged by counsel as being reasonable and recognized that the standing, skill and ability of counsel, such as Gross & Metzger, P.C., contributed to creating an excellent settlement in an efficient manner.

As Judge Krupansky, of the United States Court of Appeals for the Sixth Circuit, in his Slip Opinion in *In Re Art Materials Antitrust Litigation*, M.D.L. Docket No. 436 (N.D. Ohio 1983), awarding counsel fees to plaintiffs' counsel, Gross & Metzger, P.C., being one of the lead plaintiffs' counsel in the action commented:

> Finally, the court unhesitantly concludes that the quality of the representation rendered by counsel was uniformly high. The attorneys involved in the litigation are extremely experienced and skilled in the prosecution of antitrust litigation and other complex actions. Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of a highly favorable result. Therefore, this court concludes that the applicants are entitled to an award of fees and reimbursement of expenses out of the settlement fund, and that, pursuant to the principles herein above articulated, they are entitled to a multiple of their standard and historic fees....

In *In Re Oak Industries Securities Litigation*, Master File No. 83-0537-G(M) (S.D. Cal.) the court praised counsel, including Gross & Metzger, P.C., in approving a settlement in principal amount of $32.25 million:

> There can be no doubt that the public good was fully served by the attorneys for the plaintiffs in this case, because they invested their own time, their own money, they invested their special skills and knowledge to vindicate the rights and interests of the thousands of investors who invested their money and placed their trust in the integrity of the securities market.
>
> I don't mean to demean the effort or the effectiveness of the government-funded regulators, but it is this Court's opinion, not only based on this case, but other cases, that Congress, by providing the class-action provisions of the Federal Rules of Civil Procedure, has provided a far more effective regulatory device, because, by using these provisions as tools, as they were used here, by highly skilled, highly motivated private law firms working within what I believe to be the universally accepted private-enterprise system, with the objective to safeguard the rights of the largely naive investing public, I think that's what occurred here; and this is a classic example of how well it can work.
>
> . . . [T]he achievement of plaintiffs' counsel . . . was superior.

11

> . . . [T]he manner in which this case was . . . litigated by counsel . . . for the plaintiffs . . . should serve as a textbook example of how these cases should be conducted.

Judge Wexler in *In re Lilco Securities Litigation*, Civil Action No. 84-0588, awarded plaintiffs' counsel its requested lodestar multiplied by 2.0 multiplier.  Similarly, Judge Irving in *In re Nucorp Securities Litigation*, MDL 514 (S.D. Cal.) awarded Gross & Metzger, P.C. its attorneys' fees and expenses plus 10%.

# EXHIBIT "D"



Miller Law LLC is a litigation boutique law firm which unites the talents of attorneys with combined experience in a wide array of complex civil litigation.  The foundation of the firm is the ability to handle large complex litigation and sophisticated class actions in a variety of practice areas in federal and state courts across the country.

Our litigation experience covers a varied and broad range of industries including pharmaceuticals, telecommunications, commodities and securities.

Miller Law LLC's fees are contingent on our success in achieving a favorable result for our clients and are reviewed and awarded by the court.  Because we advance the costs of the litigation and our fees are earned on a predominately contingent basis, we continuously monitor and carefully evaluate each case throughout the litigation and understand the need to be efficient. This gives us the confidence and flexibility to employ creative thought in the decision-making process at every stage of the litigation.  The skill and experience of the Miller Law attorneys has been recognized repeatedly by their peers, at whose request we have served as co-lead counsel and *liaison*, and by courts, which have appointed our attorneys to leadership positions in complex multi-district or consolidated litigation in securities, commodities, consumer and antitrust class actions where we have been responsible for many outstanding recoveries and precedent-making decisions.

**Representative Pending Matters:**

**<u>Antitrust:</u>**

***Bayside Rubber & Products, Inv. v. Bridgestone Industrial Products America, Inc., et al.***, 07-21784 (S.D. Fla.).  This class action alleges that defendant-manufacturers of flexible rubber hose used to transport oil between ships, terminals, buoys and tanks, among other things, conspired to fix the prices of the marine hoses.

***Caldwell v. Matsushita Electrical Industrial Co., Ltd., et. al.,*** 07-6303 (N.D. CA.).  Miller Law LLC, along with co-counsel represents a plaintiff who seeks damages and injunctive relief for alleged antitrust violations.

***Cocoe Voci, Inc. v. YKK Corporation, et al.,*** 07-9929 (S.D.NY.).  Plaintiff alleges that the defendants rigged the prices of fasteners and zippers that are primarily used in the garment, apparel and footwear industries in violation of the federal antitrust laws.

***In re Air Cargo Shipping Services Antitrust Litigation***, 06-MD-1775 (E.D. NY.). Miller Law LLC represents plaintiffs who seek recovery from air cargo shipping provider-defendants that it is alleged participated in a global conspiracy to fix prices charged for these shipping services at *supra-competitive* levels, in violation of the federal antitrust laws.

***In re Oxycontin Antitrust Litigation***, 04-MD-1603 (S.D.NY.). The firm represents plaintiffs

(consumers and third party payors) in these multidistrict class actions on behalf of purchasers of controlled-release oxycodone hydrochloride prescription tablets marketed under the brand name OxyContin®.

***Nizhnekamskneftekhim USA, Inc. v. CSX Transportation, Inc.,*** 07-2809 (E.D.PA.). Miller Law LLC, along with co-counsel, filed a complaint on behalf of those who purchased directly from the Railroad Defendants "unregulated" rail freight transportation services on which rail fuel surcharges were assessed.

***Reed v. Advocate Health Care, et al.,*** 06-3337 (N.D. Ill.). This class action involves the alleged conspiracy among five Chicago area hospitals to suppress and price-fix the salaries and benefits for Registered Nurses' salaries. Mr. Miller has been appointed by the court to serve as Plaintiffs' *liaison* counsel.

## Commodities:

***Kohen, et al. v. Pacific Investment Management Company, et al.,*** No. 05-4681 (N.D. Ill.). This class action seeks recovery for the alleged violation of the Commodity Exchange Act when the Defendants improperly manipulated the Ten-Year Treasury bonds. Mr. Miller, at the request of Lead Counsel, serves as *liaison* counsel for the Plaintiffs.

## Consumer Protection:

## Predatory Lending

***In re: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation,*** MDL 1715, (N.D. Ill.). This large multidistrict national class action against this "subprime" lender, challenges Ameriquest's alleged predatory lending practices, "bait and switch", faulty appraisals, improper late fees and hidden costs, among other practices, and seeks damages and remedial relief on behalf of borrowers. At Plaintiffs' Co-lead counsel's request, Mr. Miller serves as *liaison* counsel.

In the following series of cases, Miller Law attorneys have been instrumental in putting together a nationwide coalition of counsel and have commenced and are participating in national class actions on behalf of plaintiffs who are seeking remedies for allegations of discriminatory effects of home financing policies and practices. Those actions are against the leading mortgage lenders and include:

***Countrywide Bank***
***Decision One Mortgage Company, LLP***
***Flagstar Bank, FSB***
***Long Beach Mortgage Co., Washington Mutual Bank, F.A. and Mortgage Results Corp***
***Wells Fargo Bank***

### Consumer Fraud

*Painters District Local Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, 07-6228 (N.D. IL) alleges unlawful off-label and otherwise deceptive marketing of recombinant protein biological drug products used to stimulate red blood cell growth and activation brought on behalf of a union "employee welfare benefit plan". Plaintiff seeks to represent a nationwide class of third-party payors.

*In re Ford Motor Company E-350 Van Products Liability*, 03-4558 (D.N.J.). Nationwide or multi-state class action alleges that the Ford E-350 "15-passenger vans" contain one or more defects which can cause rollover. Plaintiff claims, among other allegations, that Ford breached express and implied warranties.

*Sen et. al. v. Mercedes-Benz USA, LLC,* 07-06519 (N.D. Ill.) and *Hankins v. Mercedes-Benz USA, LLC,* 07-07543 (C.D.CA). Plaintiffs in both class actions seek compensatory and other damages for allegations relating to Mercedes Benz' failure to inform Mercedes vehicle purchasers of Model Years 2002 through 2006 that their analog-only Tele Aid systems would become obsolete and would stop functioning after December 31, 2007.

### Securities:

*Central Laborers' Pension Fund v. Sirva, Inc., et al.*, 04-7644 (N.D. Ill.). A $53 million settlement was approved in this national securities class action which sought recovery from the defendant for violations of the securities laws because of the alleged failure to disclose to the investing public the true financial condition of the company. Mr. Miller served as Plaintiff's *liaison* counsel at the request of Lead counsel.

*Lawrence E. Jaffe Pension Plan v. Household International,* 02-5893 (N.D.Ill.). The firm serves as *liaison* counsel in this securities fraud litigation alleging that Household engaged in a variety of illegal sales practices and improper lending techniques to manipulate publicly reported financial statistics.

*Makor Issues & Rights & Ltd. v. Tellabs, et.al.,* 02-4356 (N.D. Ill.). This securities fraud action alleges that Tellabs, a global supplier of optical networking, broadband access and voice-quality enhancement solutions to telecommunications carriers and internet service providers engaged in wrongdoing concerning certain of its core products. Mr. Miller serves as Liaison Counsel. The case was argued before the United States Supreme Court and created precedent for the pleading standard in securities cases. *Tellabs v. Makor Issues & Rights, Ltd.,* 127 S.Ct. 2499 (2007).

*Mirsky v. Ulta Salon, Cosmetics and Fragrance Inc. et. al.,* 07-7083 (N.D. Ill.). As alleged in the complaint, defendants issued materially false and misleading statements in connection with the IPO concerning ULTA's financial condition and the levels of its selling, general and administrative expenses inventories.

**Shareholder and Derivative actions**:

***Murphy v. CDW Corp. et. al.***, 07-3033 (N.D. Ill.). The firm represents a class of the public shareholders of CDW Corporation who sued the company and its directors for breach of fiduciary duties in connection their acceptance of the $7.3 billion buyout. The complaint alleges, among other matters, that the price does not reflect the true value of the company to its shareholders. The firm has been appointed liaison counsel for the class.

***Bronstein v. Daley and Abbott Labs,*** 07-3984 (N.D.Ill.), a derivative action alleging a breach of fiduciary duty in the proposed sale of a core diagnostics business to GE.

***Some of the additional significant cases in which Miller Law attorneys have been prominently involved include:***

**Antitrust:**

***Ryan-House v. GlaxoSmithKline PLC***, No. 02-442 (E.D. Va.). Plaintiffs allege that GSK, which makes Augmentin, misled the United States Patent Office into issuing patents to protect Augmentin from competition from generic substitutes. The case was resolved and the court approved a $29 million settlement for the benefit of consumers and third-party payors. *Ryan-House, et al v. GlaxoSmithKline, PLC, et al.*, No. 02-442, (January 10, 2005, E.D. Va.)

***In re Relafen Antitrust Litig.,*** 01-12239 (D. Mass.). The United States District Court for the District of Massachusetts granted final approval to a $75 million class action settlement for the benefit of consumers and third-party payors who paid for branded and generic versions of the arthritis medication Relafen.

***In re Warfarin Sodium Antitrust Litig.***, MDL 98-1232 (D. Del.). A multi-district class action on behalf of purchasers of Coumadin, the brand-name warfarin sodium manufactured and marketed by DuPont Pharmaceutical Company. Plaintiffs alleged that the defendant engaged in anticompetitive conduct that wrongfully suppressed competition from generic warfarin sodium. The case settled for $44.5 million which was affirmed on appeal. See *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002).

***In re Cardizem CD Antitrust Litig.,*** MDL No. 1278 (E.D. Mich.). Multi-district class action on behalf of purchasers of Cardizem CD, a brand-name heart medication manufactured and marketed by Hoechst Marion Roussel, Inc. (now merged into Aventis Pharmaceuticals, Inc.) Plaintiffs alleged that an agreement between HMR and generic manufacturer Andrx Corp. unlawfully stalled generic competition. The $80 million settlement for the benefit of third-party payors and consumers was granted final approval. *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003), *appeal dismissed*, 391 F.3d 812 (6th Cir. 2004).

***In re Synthroid Marketing Litig.,*** MDL No. 1182 (N.D. Ill.). This multi-district action arises out of alleged unlawful activities with respect to the marketing of Synthroid, a levothyroxine product used

to treat thyroid disorders.  Final approval of a settlement in the amount of $87.4 million plus interest.  *See* 188 F.R.D. 295 (N.D. Ill. 1999) was upheld on appeal.  *See* 264 F.3d 712 (7th Cir. 2001).

***In re Lorazepam & Clorazepate Antitrust Litig.,*** MDL 1290 (D.D.C.).  This multi-district class action arose out of an alleged scheme to corner the market on the active pharmaceutical ingredients necessary to manufacture generic clorazepate and lorazepam tablets.  After cornering the market on the supply, defendants raised prices for generic clorazepate and lorazepam tablets by staggering amounts (*i.e.*, 1,900% to over 6,500%) despite no significant increase in costs.  On February 1, 2002, Judge Thomas F. Hogan approved a class action settlement on behalf of consumers, state attorneys general and third party payors in the aggregate amount of $135 million.  *See* 205 F.R.D. 369 (D.D.C. 2002).

***In re Lithotripsy Antitrust Litig.,*** No. 98 C 8394 (N.D. Ill.).  Antitrust class action arising out of alleged stabilization of urologist fees in the Chicago metropolitan area.

***Brand-Name Prescription Drug Indirect Purchaser Actions***.  Coordinated antitrust actions against the major pharmaceutical manufacturers in ten states and the District of Columbia.  The actions were brought under state law on behalf of indirect purchaser consumers who obtained brand name prescription drugs from retail pharmacies.  In 1998, the parties agreed to a multi-state settlement in the amount of $64.3 million, which was allocated among the actions.

***In Re Cellular Phone Cases***, Coordination Proceeding No. 4000 (Superior Court, San Francisco County, Cal.).  Class action under California's Cartwright Act, which alleged price-fixing of cellular telephone service in the San Francisco area market.  The $35 million in-kind benefits to the Class was granted final approval.

***Garabedian v. LASMSA Limited Partnership***, No. 721144 (Superior Court, Orange County, Cal.).  Class action under California's Cartwright Act which alleged price-fixing of cellular telephone service in the Los Angeles area market.  The court granted final approval to two settlements that provided $165 million in in-kind benefits.

***Lobatz v. AirTouch Cellular***, 94-1311 BTM (AJB) (S.D. Cal.).  Class action alleging price-fixing of cellular telephone service in San Diego County, California.  The court approved settlements of $8 million in cash and other benefits.

 ***In re Airline Ticket Commission Antitrust Litig.***, MDL No. 1058 (D. Minn.).  Antitrust class action on behalf of travel agents against the major airlines for allegedly fixing the amount of commissions payable on ticket sales. The action settled for $87 million. *See* 953 F. Supp. 280 (D. Minn. 1997).

### Commodities:

***Dennison v. BP Corporation***, No. 06-3334 (N.D. Ill.).  This class action was commenced to recover damages as a result of defendant's alleged improper conduct in manipulating the price of propane.  Mr. Miller serves as Co-Lead Counsel in this consolidated Plaintiffs' class action.

***Smith v. Groover***, 77-2297 (N.D.Ill.).  A commodities fraud and antitrust class action against the Chicago Board of Trade and several floor traders involving the manipulation of the soybean market through bucketing.  The case established that, in the Northern District of Illinois, a plaintiff has an implied private right of action under the Commodity Exchange Act and that an Exchange can be sued for negligence in failing to supervise its members.  Mr. Miller was one of Plaintiff's counsel in this precedent making decision.

***In re Soybean Futures Litig.***, No. 89-7009 (N.D. Ill.).  A commodities manipulation class action against Ferruzzi Finanziaria, S.p.A. and related companies for unlawfully manipulating the soybean futures market in 1989.  In December, 1996, the court approved a settlement in the amount of $21,500,000. *See* 892 F. Supp. 1025 (N.D. Ill. 1995).  Mr. Miller served as Co-Lead Counsel for Plaintiffs.

***In re Sumitomo Copper Litig.***, 96- 4584(MP) (S.D.N.Y.).  Class action arising out of manipulation of the world copper market.  On October 7, 1999, the court approved settlements aggregating $134,600,000.  *See* 189 F.R.D. 274 (S.D.N.Y. 1999).  In awarding attorneys' fees, Judge Milton Pollack noted that it was "the largest class action recovery in the 75 plus year history of the Commodity Exchange Act". 74 F. Supp. 2d 393 (S.D.N.Y. Nov. 15, 1999).  Additional reported opinions: 995 F. Supp. 451 (S.D.N.Y. 1998); 182 F.R.D. 85 (S.D.N.Y. 1998).  Mr. Miller was appointed by Judge Pollack as Plaintiffs' Co-Lead Counsel.

***In re International Trading Group, Ltd. Customer Account Litig.***, No. 89-5545 RSWL (GHKx) (C.D. Cal.).  Class action alleging violation of the anti-fraud provisions of the Commodity Exchange Act.  The case settled with individual defendants and proceeded to a judgment against the corporate entity.  In that phase, the Court awarded the Class a constructive trust and equitable lien over the corporation's assets and entered a $492 million judgment in favor of the Class.

***In re First Commodity Corporation of Boston Customer Account Litig.***, MDL-713 (D. Mass).  Class actions alleging violation of the anti-fraud provisions of the Commodity Exchange Act.  The action settled for $5.3 million.  *See* 119 F.R.D. 301 (D. Mass. 1987).

### **Securities:**

***In re Sears, Roebuck and Co. Securities Litigation,*** No. 02-07527 (N.D.Ill.). Sears settled a class action lawsuit for $215 million in a case brought by shareholders. The case alleged breach of fiduciary duty for failing to prevent improper bankruptcy collection practices under the company's debt reaffirmation agreements. Mr. Miller served as plaintiff's *liaison* counsel in this nationwide securities case.

***Abrams v. van Kampen Funds***, Case No. 01-7538 (N.D. Ill.), involving a mutual fund that was charged with improperly valuing its net asset value.  After extensive discovery, the case settled for in excess of $31 million and was granted final approval.

***In re Baldwin-United Corporation Sec. Litig.***, MDL-581, (S.D.N.Y.). In this early multi-district securities class action, Plaintiffs' counsel advanced the novel issue of whether Single Premium Deferred Annuities sold by the stock brokerage industry were securities and the sale of

approximately $4.2 billion of were in violation of the federal and state securities laws. A $180 million settlement was obtained was the largest securities class action settlements at the time and remains one of the larger securities class action settlements on record. In awarding interim counsel fees, Judge Charles Brieant commented "...that plaintiffs' attorneys [including Marvin A. Miller as co-lead counsel] had rendered extremely valuable services with diligence, energy and imagination, and are entitled to just compensation."

*In re Prudential Securities Incorporated Limited Partnerships Litig.*, MDL 1005 (S.D.N.Y.). A nationwide multi-district class action arising out of Prudential Securities Incorporated's marketing and sale of speculative limited partnership interests. The final settlements produced an aggregate of more than $132 million for injured investors.

*In re Bank One Shareholders Class Actions*, No. 00-880 (N.D. Ill.). In this securities fraud class action against Bank One and certain officers, Judge Milton I. Shadur appointed Mr. Miller to draft the Consolidated Class Action Complaint. At the request of court-appointed lead counsel, Mr. Miller served as Plaintiffs' *liaison* counsel. Judge Shadur subsequently approved a $45 million settlement.

*Danis v. USN Communications, Inc.,* No. 98-7482 (N.D. Ill.). Securities fraud class action arising out of the collapse and eventual bankruptcy of USN Communications, Inc. The court approved a $44.7 million settlement with certain control persons and underwriters. Reported decisions: 73 F. Supp. 2d 923 (N.D. Ill. 1999); 189 F.R.D. 391 (N.D. Ill. 1999); 121 F. Supp. 2d 1183 (N.D. Ill. 2000). At the request of Co-Lead Counsel, Mr. Miller served as *liaison* counsel for Plaintiffs.

*In re Caremark International Inc. Sec. Litig.*, No. 94-4751 (N.D. Ill.). This action arose out of Caremark's allegedly improper financial arrangements with physicians. A $25 million settlement concluded the litigation.

*In re Nuveen Fund Litig.*, No. 94-360 (N.D. Ill.). Class action and derivative suit under the Investment Company Act arising out of coercive tender offerings in two closed-end mutual funds.

*In re Archer-Daniels-Midland, Inc. Sec. Litig.*, No. 95-2287 (C.D. Ill.). A class action arising out of the Archer-Daniels-Midland price-fixing scandal. Plaintiffs brought claims for securities law violations which settled for $30 million.

*In re VMS Sec. Litig.*, 89-9448 (N.D. Ill.). A securities fraud class action and derivative suit relating to publicly traded real estate investments. The court certified a plaintiff class and subclasses of approximately 100,000 members, 136 F.R.D. 466 (N.D. Ill. 1991) and approved a class and derivative settlement worth $98 million.

*In re Salton/Maxim Sec. Litig.*, No. 91-7693 (N.D. Ill.). Class action arising out of public offering of Salton/Maxim Housewares, Inc. stock. On September 23, 1994, Judge James S. Holderman (now Chief Judge of the United States District Court for the Northern District of Illinois) approved a multi-million dollar settlement achieved for the class, commenting that "it was a pleasure to preside

7

over [the case] because of the skill and the quality of the lawyering on everyone's part in connection with the case."

*In re Telesphere Sec. Litig.*, 89-1875 (N.D. Ill.).  In his opinion approving a class action settlement, Judge Milton I. Shadur referred to Marvin A. Miller as "...an experienced securities law class action litigator and who also has 20 years [now 37 years] practice under his belt.  This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate."  753 F.Supp. 716, 719 (N.D. Ill. 1990).

*Horton v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, No. 91-276-CIV-5-D (E.D.N.C.).  A multi-million dollar settlement was approved in this securities fraud class action arising out of a broker's marketing of a speculative Australian security.  The Court stated that "the experience of class counsel warrants affording their judgment appropriate deference in determining whether to approve the proposed settlement."  855 F. Supp. 825, 831 (E.D.N.C. 1994).

*Hoxworth v. Blinder Robinson & Co.*, 88-0285 (E.D. Pa.).  A securities fraud and RICO class action resulting from alleged manipulative practices and boiler-room operations in the sale of "penny stocks."  Judgment in excess of $70 million was entered and that judgment was affirmed by the Third Circuit Court of Appeals, 980 F.2d 912 (3rd Cir. 1992).  *See also Hoxworth v. Blinder*, 74 F.3d 205 (10th Cir. 1996).

## **Intellectual Property:**

*Baxter International, et al., v. McGaw, Inc.*, (N.D. Ill.).  Mr. Miller, together with co-counsel, successfully represented the Defendant in this patent infringement case and served as a member of the trial team which won a jury verdict of non-infringement of three needleless injection sites and also obtained a finding that the Plaintiff had engaged in inequitable conduct on two of the patents. The Court also found that the Plaintiff engaged in inequitable conduct. The decision was affirmed by the Court of Appeals Federal Circuit.  (96-1329,-1342, 97-1331,-1350 decided June 30, 1998).

*Acco Brands USA v. PC Guardian Anti-Theft Products, Inc., et al.*, No. 06-7102 (N.D. Ill.).  The firm represented one of the named defendants in this alleged patent infringement case.

## **Other Representative Cases:**

*In re Sears, Roebuck and Co., ERISA Litigation,* 02-8324 (N.D. Ill.**).**  Mr. Miller served as plaintiff's liaison counsel in this nationwide action.  Sears settled this ERISA action for $14.5 million in cash. The case alleged breaches of fiduciary duties in contravention of the Employee Retirement Income Security Act of 1974. The plan participants will directly benefit from the resulting settlement.

*PrimeCo Personal Communications, L.P. v. Illinois Commerce Commission*, No. 98 CH 5500 (Circuit Court of Cook County, Ill.).  This class action sought recovery of an unconstitutional infra-structure maintenance fee imposed by municipalities on wireless telephone and pager customers in the State of Illinois.  The court granted final approval to a settlement of more than $31

8

million paid by the City of Chicago. Subsequently, the court certified a settlement class of all wireless users in the State of Illinois and a Defendant Class of municipalities throughout the state which collected Infrastructure Maintenance Fees from wireless users and approved a settlement for the Class of in excess of $11 million. Mr. Miller served as a Co-lead counsel for Plaintiffs in this novel class action.

### Defendant Representations:

In addition to our representation of plaintiffs, Miller Law attorneys have also represented defendants in complex class actions and derivative suits, including *In re Del-Val Financial Corp. Sec. Litig.*, MDL-872 (S.D.N.Y.); *In re Kenbee Limited Partnership Litig.*, No. 91-2174 (D.N.J.); *Weiss v. Winner's Circle of Chicago, Inc.*, No. 91-2780 (N.D. Ill.); *Levy v. Stern*, No. 11955 (New Castle County, Delaware). The court's decision in *In re Del-Val Financial Corp. Sec. Litig.*, 868 F. Supp. 547 (S.D.N.Y. 1994) resulted in a significant extension of the law concerning partial settlements of securities fraud class actions.

## Individual Biographies

*MARVIN A. MILLER*, has more than 37 years of commercial and class action litigation experience. Mr. Miller has been lead or co-lead counsel across the full spectrum of industries (airline, cell and telephone, financial services, Internet and technology, manufacturing, pharmaceuticals, retailing, stock broker and exchange, and utilities) and practices (antitrust, consumer and investor fraud and protection, employment and employee benefits, insurance, shareholder derivative actions) that encompasses Miller Law LLC's practice. Mr. Miller holds an AV® (highest) rating from Martindale-Hubbell®. In January 2007 and 2008, Law & Politics and the publishers of Chicago Magazine named Mr. Miller an Illinois Super Lawyer. Super Lawyers are the top 5 percent of attorneys in Illinois, as chosen by their peers and through the independent research of Law & Politics.

Prior to founding Miller Law LLC, Mr. Miller was a co-founder of another national class action law firm. Throughout his career in class action jurisprudence, Mr. Miller has represented shareholders and investors in high profile and precedent-setting class action litigation involving such companies as Continental Illinois National Bank and Trust and Baldwin United Corporation. He was lead attorney in *Smith v. Groover*, in which he represented clients against the Chicago Board of Trade and several of its traders; the decision in the case, later affirmed, *sub. nom.*, in *Curran v. Merrill Lynch Pierce Fenner & Smith*, by the U.S. Supreme Court, established the precedent that an individual has an implied private right of action to sue an Exchange for negligence in failing to supervise its members.

Mr. Miller is a 1970 graduate of Illinois Institute of Technology-Chicago-Kent College of Law, where he was a member of the Editorial Board of the *Chicago-Kent Law Review*. He received his undergraduate degree from Hofstra University in Hempstead, New York in 1967. He is admitted to the state bars of Illinois and New York, the United States Court of Appeals for the Third, Fourth, Seventh, Eleventh Circuit, and Federal Circuit, the United States District Courts for the Northern District of Illinois (including the Trial Bar), Southern District of New York, Eastern District of Michigan and Northern District of California. Mr. Miller is a member of the Chicago Bar

Association and the Illinois State Bar Association and serves on the *Cy Pres* Committee of the Illinois Bar Foundation.

***LORI A. FANNING*** concentrates her practice on complex class litigation in a wide range of matters before state and federal courts, primarily in the areas of consumer protection, antitrust and securities. She has prosecuted a variety of lawsuits involving the airline, banking, credit card, internet, pharmaceutical, and insurance industries. Ms. Fanning currently litigates securities fraud claims against such companies as Household International and Tellabs; antitrust claims against companies such as Unocal and Amgen; and has defended patent litigation on behalf of Datamation Systems, Inc. Ms. Fanning actively participated in the trial preparations for *In re Visa Check/MasterMoney Antitrust Litigation,* a civil antitrust case that settled for in excess of $3 billion on the eve of trial. Prior to attending law school, she enjoyed a successful career as a logistician with the United States government at the Naval Sea Systems Command in the Washington, D.C. area in support of Foreign Military Sales, new ship construction, and naval equipment.  For her dedication, the Department of the Navy honored her with the Meritorious Civilian Service medal.

Ms. Fanning received her law degree, with honors and a Certificate in Litigation and Alternative Dispute Resolution, from the Illinois Institute of Technology/Chicago-Kent College of Law in 2000. She also holds a Master's degree in Science Administration from Central Michigan University (1993), and a Bachelor's degree from the University of Nebraska at Omaha (1986). She is admitted to practice in the state of Illinois and the federal district courts for the Northern District of Illinois, the Eastern District of Wisconsin, and the United States Court of Appeals for the Seventh Circuit. Ms. Fanning is a member of the American, Illinois State and Chicago Bar Associations and she volunteers for the CBA's Judicial Evaluation Committee.

### *OF COUNSEL*

***MATTHEW E. VAN TINE*** focuses his practice on antitrust, securities fraud, and consumer protection matters. He has participated in the prosecution and defense of many securities, antitrust, and consumer class actions over the past two decades including securities litigation against Van Kampen Funds and Baxter International; antitrust class actions involving nurses' wages, the drug warfarin sodium (Coumadin), and an industry-wide effort to raise drug prices paid by retail drug stores (the Brand Name Prescription Drug Antitrust Litigation); and litigation on behalf of consumers challenging an unconstitutional fee imposed on wireless and landline phone customers. Before associating with Miller Law LLC, Mr. Van Tine was affiliated with two other class action boutique law firms for fourteen years.  Mr. Van Tine has also practiced with large law firms in Chicago and Boston, and served as an Assistant Corporation Counsel for the City of Chicago Law Department.

Mr. Van Tine received his A.B. degree *cum laude* from Harvard College in 1980, and his J.D. degree *magna cum laude* from Boston University School of Law in 1983, where he served as an Executive Editor of the Law Review and was the author of Note, *Application of the Federal Parole Guidelines to Certain Prisoners: An Ex Post Facto Violation*, 62 B.U.L. Rev. 515 (1982).  Following law school, Mr. Van Tine served as a law clerk to the Honorable Raymond J. Pettine of the United States District Court for the District of Rhode Island.  Mr. Van Tine's practice admissions include the state

bars of Illinois and Massachusetts, the Supreme Court of the United States, the United States Court of Appeals for the Seventh Circuit and the United States District Courts for the Northern District of Illinois and the District of Massachusetts.  He is a member of the Chicago and American Bar Associations, and served as the immediate past President of the Abraham Lincoln Marovitz American Inn of Court.

**ASHER RUBIN** received his B.A. degree from Columbia University in 1958 and his J.D. degree from Harvard Law School in 1961.  After completing law school, Mr. Rubin clerked at the California Supreme Court. Mr. Rubin served as Deputy Attorney General for the State of California from 1963-1966.  He was a San Francisco Chronicle Foreign Correspondent and on the staff of the Weizmann Institute after which he served as an attorney and advisor to the Peace Corps until 1968. In 1969, Mr. Rubin returned to serve as Deputy Attorney General for the State of California until 2001 when he established his own law firm.  Mr. Rubin has argued before the United States Supreme Court and the California Supreme Court as well as the appellate and trial levels of state and federal courts.  He has taught Administrative Law for the California Attorney General, taught evidence, and lectured at Hastings Law School.  He has also been published in The San Francisco Chronicle, Newsweek and the Harvard Law Bulletin.