

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ULTA SALON, COSMETICS & FRAGRANCE, INC. SECURITIES LITIGATION | : No. 07 C 7083 <br> : <br> : CLASS ACTION |
| This Document Relates to: <br><br> ALL ACTIONS | : <br> : Hon. Robert W. Gettleman <br> : |

## PRELIMINARY ORDER IN CONNECTION
## WITH SETTLEMENT PROCEEDINGS

**WHEREAS**, on June 29, 2009, Lead Plaintiffs Marc Mirsky, Nedra Fischer and Stephanie Carroll, and Defendants Ulta Salon, Cosmetics & Fragrance, Inc, ("ULTA"), Lynelle S. Kirby ("Kirby") and Gregg R. Bodnar ("Bodnar") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-entitled action (the "Action") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW THEREFORE IT IS HEREBY ORDERED** this 7th day of August 2009 that:

1. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons who purchased the common stock of ULTA during the period from October 25, 2007 through December 10, 2007, inclusive (the "Class Period"). The Class shall exclude

Defendants, the underwriters of ULTA's initial public offering, members of the immediate family (parents, spouses, siblings and children) of Kirby and Bodnar, any subsidiary or affiliate of ULTA, and the directors and executive officers of ULTA or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. If the Settlement is not approved by the Court, or is not consummated for any other reason, this conditional determination shall be null and void and Defendants shall not be precluded from opposing certification of the class, or any part thereof.

2. For purposes of this Settlement only, the Court conditionally finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiffs Marc Mirsky, Nedra Fischer and Stephanie Carroll are certified as class representatives and Law Offices Bernard M. Gross, P.C. is appointed Lead Counsel for the Class.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 16, 2009, at 10:00 a.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable rerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Amended Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class to the Released Parties, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Distribution for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

(f) to consider and rule upon such other matters as the Court may deem appropriate.

5. The Court may enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint with prejudice regardless of whether it has approved the Plan of Distribution or awarded attorneys' fees and expenses.

6. The Court approves the form, substance and requirements of the Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing and Application for

3

Attorneys' Fees (the "Class Notice"), and the Proof of Claim form annexed hereto as Exhibits 1 and 2 respectively.

7.　　The Court approves the appointment of Valley Forge Administrative Services as the Claims Administrator. The Claims Administrator shall cause the Class Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail postage prepaid, within fifteen (15) days from the date hereof, to all Class Members who can be identified with reasonable effort. ULTA shall cooperate in making its transfer records and shareholder information available to Lead Counsel or the Claims Administrator for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased ULTA common stock during the Class Period as record owners but not as beneficial owners. Additional copies of the Class Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Class Notice and Proof of Claim forms to beneficial owners. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Class Notice and Proof of Claim.

8.　　The Court approves the form of Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Publication Notice to be published in the PR Newswire within ten days of the mailing of the Class Notice. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9.  The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21 D(a)(7) of the Securities Exchange Act of 1934, 1.5 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.  In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following actions and be subject to the following conditions:

(a)  A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Class Notice, postmarked not later than thirty (30) days after the date scheduled in paragraph 4 above for the Settlement Fairness Hearing. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

(b)  The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the Settlement becoming effective) release all claims as provided in the Stipulation.

11. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request ("Request for Exclusion") shall mail the request in written form by first class mail postmarked no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing to: In re Ulta Salon, Cosmetics & Fragrance, Inc. Securities Litigation, c/o Valley Forge Administrative Services, P.O. Box 220, Villanova, Pennsylvania 19085. Such Request for Exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Ulta Salon, Cosmetics & Fragrance Inc. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and the date(s), price(s), and number(s) of shares of all purchases and sales of ULTA common stock during the Class Period. The Request for Exclusion shall not be effective unless the Request for Exclusion

provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Class Notice.

13. Any Class Member who has not requested exclusion in the time and manner specified in Paragraph 11 hereof may appear at the Settlement Fairness Hearing in person, or through duly authorized counsel of its, his or her choice, and show cause, if any, as to why the proposed Settlement, the Plan of Distribution, of the award of attorneys' fees and reimbursement of expenses should not be approved. No such person, however, will be heard unless that person has:

(a) filed with the Clerk of the Court, United States District Court for the Northern District of Illinois, located at 219 S. Dearborn, Chicago, Illinois 60604, no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing, the following documents:

(i) a written objection and any supporting memoranda or other papers and information (including documentary proof of membership in the Class); and

(ii) a written statement signed by the objector and setting forth (a) the name, address, and telephone number of the objector; (b) the number and price of shares of ULTA common stock purchased by the objector during the Class Period, and the date of each such transaction with proof thereof; (c) the number and price of shares of ULTA common stock sold during the Class

7

Period or thereafter, and the date of each such transaction with proof thereof; and (d) the reason the person is objecting; and

(b) served copies of all papers listed in section 13(a) above, no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing, upon each of the following: Deborah R. Gross, Esquire, Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Building, Philadelphia, Pennsylvania 19107, and Michael Faris, Esquire, Latham & Watkins, LLP, Sears Tower, Suite 5800, Chicago, Illinois 60606.

14. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Distribution, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Distribution, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

15. Any Class Member who does not make any objection in the manner and within the time period provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, the Plan of Distribution, or the award of attorneys' fees and reimbursement of expenses, unless otherwise ordered by the Court.

16. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any of the Released Parties.

18. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: August 7, 2009

Honorable Robert W. Gettleman
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ULTA SALON, COSMETICS & FRAGRANCE, INC. SECURITIES LITIGATION | Master File No. 07 C 7083 <br><br> **CLASS ACTION** |
| This Document Relates To: <br><br> ALL ACTIONS | Hon. Robert W. Gettleman |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO: ALL PURCHASERS OF ULTA SALON, COSMETICS & FRAGRANCE, INC. COMMON STOCK BETWEEN OCTOBER 25, 2007 AND DECEMBER 10, 2007, INCLUSIVE (THE "CLASS").

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action (the "Action") has been conditionally certified as a class action and that a settlement for $3,750,000 has been proposed. A hearing will be held before the Honorable Robert W. Gettleman, United States District Judge on November 16, 2009 at 10:00 a.m. in Courtroom 1703 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether:

1. The Class should be finally certified for settlement purposes;
2. The proposed settlement of the Action for $3,750,000, plus interest, is fair, reasonable and adequate and should be approved by the Court;
3. An Order and Final Judgment should be entered dismissing all claims in the Action against the Defendants and dismissing the Action with prejudice, and without costs;
4. The Plan of Distribution of the Net Settlement Fund should be approved; and
5. To award attorneys' fees and expenses requested by Lead Counsel on behalf of Plaintiffs' Counsel.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency and Proposed Settlement of Class Action, Settlement Hearing and Application For Attorneys' Fees (the "Class Notice") and a Proof of Claim form, you may obtain copies of these documents by contacting:

Ulta Salon, Cosmetics & Fragrance, Inc. Securities Litigation
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova. PA 19085

Inquiries, other than requests for the forms of Class Notice and Proof of Claim, may be made to Plaintiffs' Lead Counsel: Deborah R. Gross, Esquire, Law Offices Bernard M. Gross, P.C., Suite 450, 100 Penn Square East, Philadelphia, Pennsylvania 19107, Telephone (215) 561-3600.

To participate in the settlement, you must submit a Proof of Claim no later than December 17, 2009. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court. To exclude yourself from the Class, you must submit a Request for Exclusion postmarked no later than October 30, 2009. If you are a Class Member and do not submit a proper Proof of Claim, you will not share in the settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by directing your inquiry in writing to Valley Forge Administrative Services, the Claims Administrator, at the address listed above. [phone, e-mail, web site]

Dated: August 7, 2009                                By Order of the Court